[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15189
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00618-CV-FTM-32SPC

RICHARD STEVINS,

Plaintiff-Appellant,

versus

PROVIDENT CONSTRUCTION COMPANY,
a Florida corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2005)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Richard Stevins appeals the district court's final judgment, entered after a

bench trial, in favor of his former employer, Provident Construction Company

("Provident"), in this action alleging violation of the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Stevins argues the district court erroneously concluded that, as a construction superintendent, he was an exempt professional employee under the FLSA and therefore not entitled to overtime compensation. On appeal following a bench trial, we review a district court's conclusions of law de novo, and its findings of fact for clear error. See A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003) (citing MiTek Holdings, Inc. v. Arce Eng'g Co., 89 F.3d 1548, 1554 (11th Cir. 1996)). Upon thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. See 29 U.S.C.A. § 207(a)(1). The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity" who receives payment on a salary basis. See 29 U.S.C. § 213(a)(1); see also Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994). The employer has the burden of showing entitlement to an exemption. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995).

2

The Code of Federal Regulations defines professional employees as those (1) who receive compensation "of not less than $250 per week," 29 C.F.R. § 541.3(e); (2) whose principal duties involve specialized scientific or other knowledge and training, 29 C.F.R. § 541.3(a)(1); and (3) whose work requires "the consistent exercise of discretion and judgment," 29 C.F.R. § 541.3(e).[1] An employee is paid "on a salary basis," for purposes of the FLSA if he or she "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a).

Bearing these definitions in mind, we agree that Provident met its burden to show that Stevins was covered by the exemption for professionals. For the reasons stated by the district court in its decision, Stevins worked in a bona fide professional capacity for Provident. That his position did not require a specific and mandatory educational prerequisite, as opposed to advanced, specialized knowledge based on work experience, does not alter Stevins's status as a

---

[1] This is the "short test" for determining whether the exemption for overtime pay applies because an employee is a professional. The short test applies to employees who are paid "on a salary or fee basis at a rate of not less than $250 per week." 29 C.F.R. § 541.2(e)(2). Here, the parties do not dispute that the short test applies in this case given that Stevins earned an annual salary of $70,200 during his employment at Provident.

3

professional employee within the meaning of the FLSA.  Stevins has been in the

construction industry for some 40 years.  He holds a Bachelor of Science degree

in civil engineering and construction and has a Florida Certified General

Contractor Class "A" Builder's License, for which he attended 20 hours of

independent study and is required to attend 14 hours of continuing education every

two years.[2]  His specialized degree and state license directly relate to his primary

duties as a construction superintendent.  The FLSA regulations do not require that

an exempt professional hold a bachelor's degree; rather, the regulations require

that the duties of a professional entail advanced, specialized knowledge.  We

conclude that a construction superintendent must have advanced, specialized

knowledge in order to perform his duties.

Moreover, as the district court found, a construction superintendent is not

analogous to a "construction worker" or "laborer," as those terms are defined

under the applicable FLSA regulations, 29 C.F.R. § 541.3(a).  The record contains

no evidence that physical labor was a primary part of Stevins's position.  As the

---

[2]  These facts distinguish this case from <u>Dybach v. Florida Dept. of Corr.</u>, 942 F.2d 1562, 1565 (11th Cir. 1991).  Unlike in <u>Dybach</u>, in which the plaintiffs were not required to take any specific courses to qualify for their jobs, here Stevins took specialized courses and, in connection with his Builder's License, must attend regular continuing education every two years.

district court put it, <u>no</u> construction superintendent spent more than "a minor period of time performing physical labor."

Finally, we are not persuaded by Stevins's argument concerning the district court's finding that he consistently exercised discretion and judgment in performing his job at Provident. The district court found, <u>inter alia</u>, that construction superintendents (1) were able to deviate from design plans without seeking approval from the project manager; (2) could order materials without needing approval from the project manager; (3) determined the answers to subcontractors' questions that arose during construction, including issues not addressed in the design blueprints. In addition, construction superintendents had the power to approve invoices and modify schedules and blueprints. The conclusion that Stevins's position involved the regular exercise of discretion and judgment is bolstered by the fact that it was he who was on the work-site on a daily basis (the project manager was present for only 10 to 20% of the total project time). Simply put, the record amply supports the district court's conclusion concerning Stevins's "consistent exercise of discretion and judgment," within the meaning of 29 C.F.R. § 541.3(e).

On this record, we can discern no clear error in the district court's factual findings, nor do we find error in its application of the law to the facts.

**AFFIRMED.**